THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
CHERYL WYNN *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 79-516, 79-517 cons.

Opinion filed May 9, 1980.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Iris E. Sholder, and Paula M. Daleo, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (John E. Horn, Mary T. Woodward, and Barbara A. Fasano, Assistant Public Defenders, of counsel), for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is a State appeal from the grant of defendants' motion in arrest of judgment after they had been found guilty in a bench trial of retail theft.

It appears that the motion was allowed on the ground that the complaint failed to properly allege ownership of the merchandise involved and, on appeal, it is contended by the State that ownership is not an essential element of the offense of retail theft; or, assuming it is, that failure to specifically allege ownership here was not such a fatal variance from the proof as to render the charges void.

The substance of the State's witnesses' testimony[1] was as follows: An assistant manager of an Osco drug store saw Anderson place approximately 15 bottles of liquor in a canvas bag and Wynn put four or five bottles of Seagram's 7 in another bag. She notified her supervisor, who followed defendants as they left the store and asked them to pay for the liquor. A security guard also attempted to get them to leave the liquor, but they left in a car with the bottles. A description of the car and its license number was given to the police, who later brought defendants to the store, where they were identified by the assistant store manager and her supervisor. When the police stopped defendants' car, they observed bottles of liquor being thrown out of the car, and after they were placed under arrest, the police found two bags similar to those described by the assistant store manager and three bottles of Seagram's whiskey.

OPINION

A motion in arrest of judgment raises questions only as to jurisdiction and the sufficiency of the complaint. (See *People v. Parker* (1970), 129 Ill. App. 2d 43, 262 N.E.2d 751 (abstract); Ill. Rev. Stat. 1977, ch. 38, par. 116—2.) Here, however, no question was raised as to jurisdiction, and the motion was granted on the ground that the complaints failed to properly allege ownership of the property involved. Thus, we are concerned only with issues as to whether ownership was an essential element of retail theft and whether the complaint is otherwise insufficient.

Concerning the first issue, we note that there are significant differences in the theft and retail theft statutes. The former provides that theft is committed when a person knowingly obtains and exerts unauthorized control over the property of the owner and intends to deprive the owner permanently of its use and benefit (Ill. Rev. Stat. 1977, ch. 38, par. 16—1); whereas, the retail theft statute provides that a person commits that offense when he or she knowingly "[t]akes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale in a retail mercantile establishment with the intention of retaining such merchandise or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise" (Ill. Rev. Stat. 1977, ch. 38, par. 16A—3(a)).

---

[1] Defendants rested at the close of the State's case.

It is clear that the crime of theft focuses on the property of the owner, and that ownership is a necessary element of that offense. (*People v. Hooker* (1977), 54 Ill. App. 3d 53, 369 N.E.2d 147; *People v. Berndt* (1968), 101 Ill. App. 2d 29, 242 N.E.2d 273.) However, the term "owner" does not appear in the retail theft statute which centers in the removal of "merchandise displayed, held, stored, or offered for sale in a retail mercantile establishment." In the light thereof, we agree with the contention of the State that ownership is not a necessary element of the offense of retail theft, and we conclude that the court improperly granted the motion to arrest judgment on the basis of a failure to allege ownership.

■■ Moreover, from our examination of the record, we are also of the opinion that the complaints were otherwise sufficient. The standard of review in determining sufficiency of a complaint is whether it complies with the stated requirements of section 111—3 of the Code of Criminal Procedure for charging an offense. (Ill. Rev. Stat. 1977, ch. 38, par. 111—3.) "That section requires a charge to be in writing, to state the nature of the offense, to cite the statutory provisions alleged to be violated and to set forth each of the elements of the offense charged." *People v. Tuczynski* (1978), 62 Ill. App. 3d 644, 648, 378 N.E.2d 1200.

■■ The complaints here were in writing, and there is no question that they stated the offense to be retail theft and cited the correct statutory provision alleged to have been violated. We believe also that the complaints set forth the essential elements of retail theft, which we view to be (1) a knowing taking of possession, carrying away, transferring or causing to be carried away or transferred, any merchandise; (2) that the merchandise was displayed, held, stored or offered for sale in a retail mercantile establishment; and (3) that there be the intention of retaining such merchandise or the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying its full retail value.

Section 16A—2.3 defines merchandise as "any item of tangible personal property." (Ill. Rev. Stat. 1977, ch. 38, par. 16A—2.3.) Section 16A—2.9 defines retail mercantile establishment as "any place where merchandise is displayed, held, stored or offered for sale to the public." (Ill. Rev. Stat. 1977, ch. 38, par. 16A—2.9.) Section 16A—2.4 defines merchant as "an owner or operator of any retail mercantile establishment or any agent, employee, lessee, consignee, officer, director, franchisee or independent contractor of such owner or operator." Ill. Rev. Stat. 1977, ch. 38, par. 16A—2.4.

■■ In the complaints here, it was charged that each defendant "knowingly carried away merchandise to wit 15 quart bottles of Seagrams V.O [*sic*] whisky, [*sic*] offered for sale in a retail establishment, Osco Drug, with the intention of depriving Osco Drug permanently of the possession of such merchandise without paying the full retail value."

Thus, the complaints in alleging a carrying away of merchandise that had been displayed for sale in a retail establishment with the intent to deprive the merchant permanently of the possession of the merchandise without payment, set forth the essential elements of the offense of retail theft. Further, we find they adequately advised the defendants of the nature of the accusation against them so that they could fully prepare their defenses (see *People v. Dillon* (1968), 93 Ill. App. 2d 151, 236 N.E.2d 411) and were sufficiently specific to serve as a bar to a second prosecution for the same offense (see *People v. Harvey* (1973), 53 Ill. 2d 585, 294 N.E.2d 269).

For the reasons stated, the order granting the motion in arrest of judgment is reversed, and this cause is remanded with directions to reinstate the convictions and to impose sentences.

Reversed and remanded, with directions.

LORENZ and WILSON, JJ., concur.