THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRIAN JAMES, Defendant-Appellant.

Fourth District    No. 4—86—0225

Opinion filed October 28, 1986.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Eleesha Pastor O'Neill, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

Following a bench trial, the McLean County circuit court found defendant guilty of the offense of retail theft over $150, a Class 3 fel-

ony (Ill. Rev. Stat. 1983, ch. 38, pars. 16A—3(a), 16A—10(3)). The State presented evidence at trial which, if believed, identified the defendant as the man observed leaving an Osco drugstore in possession of three telephones for which he had not paid. The retail price of the telephones was $297. Following conviction, the court sentenced defendant to two years' incarceration in the Department of Corrections.

On appeal, defendant maintains that section 16A—10(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 16A—10(3)) violates equal protection and the due-process guarantees of the United States and Illinois constitutions. Defendant suggests that no rational distinction can be made between retail theft and ordinary theft; thus, it is unconstitutional to punish the offenses as felonies using different property-value thresholds. In this regard, defendant notes that, had he been prosecuted for theft (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(e)(1)), he would have been prosecuted only for a misdemeanor since the value of the property he stole was less than $300. The retail-theft statute, by contrast, punishes as a felony retail theft of property worth $150 or more. We are unpersuaded by defendant's argument.

■ Initially, we note that defendant did not present his constitutional argument to the trial court. However, a conviction obtained under an unconstitutional statute is void and may be attacked at any time. *People v. Wagner* (1982), 89 Ill. 2d 308, 433 N.E.2d 267; *People v. McNeal* (1983), 120 Ill. App. 3d 625, 458 N.E.2d 630.

■ The threshold question in determining whether equal protection has been violated is whether persons similarly situated are being treated dissimilarly. (*People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029.) The legislature has broad discretion to classify offenses and prescribe penalties for those offenses. An equal-protection challenge to such a classification will fail if a rational distinction between two classifications is possible. *People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.

■ Applying this analysis to the case at hand, the defendant's equal-protection argument must fail because different elements are required to prove theft as opposed to retail theft. (*People v. McNeal* (1983), 120 Ill. App. 3d 625, 458 N.E.2d 630.) The theft statute intends to protect property owners, and prosecutors must prove ownership of the goods in question. (*People v. Wynn* (1980), 84 Ill. App. 3d 591, 406 N.E.2d 35.) The retail-theft statute, by contrast, protects retail merchants who necessarily must put property where it is accessible to potential thieves. Moreover, merchants may or may not own the property which they display, but are nevertheless harmed by its theft. (*People v. Wynn* (1980), 84 Ill. App. 3d 591, 406 N.E.2d 35; *People v. Fix* (1976),

44 Ill. App. 3d 607, 358 N.E.2d 726.) We believe it was rational for the legislature to distinguish between those who steal from retail merchants and those who steal from others, given the increased vulnerability of the former category's victims.

■■ Similarly, we reject defendant's claim that the disparity in punishment between theft and retail theft violates due-process protections. Our inquiry under the due-process clause is whether the legislature has reasonably designed the statute in question to remedy evils which threaten public health, safety, and welfare. (*People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029.) We find that the legislature could reasonably conclude that there was a greater detriment to the State's economy, along with a greater opportunity for committing the offense of retail theft as opposed to simple theft. We cannot say that the legislature acted unreasonably in deciding to punish the theft of property worth $150 to $300 more severely when the victim was a retail merchant. *People v. McNeal* (1983), 120 Ill. App. 3d 625, 458 N.E.2d 630.

The defendant's challenge to the constitutionality of the felony retail-theft provision is without merit. Accordingly, we affirm the judgment of the McLean County circuit court.

Affirmed.

WEBBER and SPITZ, JJ., concur.