THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES MARTIN DRAKE, Defendant-Appellant.

Fourth District   No. 4—87—0810

Opinion filed July 26, 1988.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

After a jury trial, defendant was convicted of burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1) and forgery (Ill. Rev. Stat. 1985, ch. 38, par. 17—3). Subsequently, the trial court sentenced him to concurrent terms of 12 years' imprisonment for the burglary conviction and five years' imprisonment for the forgery conviction. Defendant argues the trial court erred in convicting him of both burglary and forgery, refusing to allow him to present evidence of pending traffic offenses, and in giving an instruction over his objection.

We affirm.

Kirk Redding, owner of a service station, testified that six checks were missing from his business checkbook. The checks disappeared sometime between July 20 and July 21, 1987. He did not draft People's exhibit No. 1, a check dated July 23, 1987, and payable to defendant. Redding further stated that he did not draft People's exhibit No. 2, a check dated July 21, 1987, and made payable to defendant. Both checks were among those missing from his business checking book. He did not sign either check and did not know defendant.

Angela Brockhouse, head cashier at an Eagle Food Store in Champaign, testified that defendant presented People's exhibit No. 1 to her on July 23, 1987. He wanted to cash the check and purchase approximately $10 worth of groceries. The check was made out for $310.37. The day before, Brockhouse had approved a check for a similar amount made payable to defendant.

Brockhouse called the bank to see if the July 23, 1987, check would clear. She learned it was stolen. She then called the police and an assistant manager. She told defendant she needed the manager's

approval and needed to borrow money from another cash drawer to cash the check. When the police arrived, she said defendant was trying to cash a stolen check. Defendant turned and ran, knocking down a person in line behind him. Brockhouse did not give defendant permission to enter the store to commit a forgery.

The trial court instructed the jury that any evidence of other offenses committed by defendant was received only on the issue of his intent and design. It was to be considered only for that limited purpose. The court noted the jury would hear the instruction at the close of the evidence. Officers Jeff Jolley and George Wissmiller of the Champaign police department testified that defendant ran toward the rear exit through the store upon their entry. They were in uniform. Jolley caught defendant.

Defense counsel renewed his pretrial request for judicial notice of defendant's pending traffic offenses. The court refused to take judicial notice of the pending traffic offenses. Defendant did not present any evidence.

■■ Initially, defendant argues he was not proved guilty of burglary beyond a reasonable doubt because his entry into the grocery store was authorized. Defendant was convicted of burglary due to his unauthorized entry into the store with the intent to commit a forgery. Authority to enter a business building extends only to those who enter with a purpose consistent with the reason the building is open. (*People v. Weaver* (1968), 41 Ill. 2d 434, 243 N.E.2d 245, *cert. denied* (1969), 395 U.S. 959, 23 L. Ed. 2d 746, 89 S. Ct. 2100; *People v. Fisher* (1980), 83 Ill. App. 3d 619, 404 N.E.2d 859.) Defendant did not have authority to enter the grocery store to commit a forgery. He was, therefore, properly convicted of burglary.

■■ ■ Defendant next argues one of his convictions must be vacated as both are based upon the same act. We disagree. A person commits burglary when without authority he knowingly enters a building with the intent to commit a felony or theft. (Ill. Rev. Stat. 1985, ch. 38, par. 19—1.) Defendant was also convicted of forgery under section 17—3 of the Criminal Code of 1961, when, with the intent to defraud the Eagle Store, he knowingly presented a check dated July 23, 1987, which was capable of defrauding Brockhouse. Ill. Rev. Stat. 1985, ch. 38, par. 17—3(2).

Multiple convictions must be vacated in two instances: when they are based upon the same physical act, or when one is an included offense of the other. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273; *People v. Wieland* (1984), 123 Ill. App. 3d 576, 462 N.E.2d

1256.) In *King*, the supreme court stated:

"We, therefore, reject the 'independent motivation' test as a standard for determining whether multiple convictions and concurrent sentences are permissible. Our rejection of this test is limited solely to concurrent sentences.

\*\*\* Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. \*\*\* 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." *King*, 66 Ill. 2d at 566, 363 N.E.2d at 844-45.

Applying the *King* test, the offenses of burglary and forgery are based on separate acts, each requiring proof of a different element. The convictions of both with concurrent sentences were proper.

■■ Next, defendant argues the trial court erred in refusing to allow him to present evidence of pending traffic offenses. Defendant requested the court take judicial notice of the pending traffic offenses. However, he did not provide any authenticated copy of charges pending against him. He argues the trial court's failure to take judicial notice of the pending offenses denied him the right to present an explanation of his flight. Defendant may testify about his reason for fleeing from the scene of an offense. (*People v. Montgomery* (1973), 16 Ill. App. 3d 127, 305 N.E.2d 627.) However, a defendant's explanation of his reason for leaving the scene of an offense or evidence indicating an innocent reason must be competent. Here, defendant did not testify. Defense counsel sought to argue that defendant ran because of the traffic offenses. Any argument of that nature would have been speculative. Therefore, no error occurred.

■■ Defendant next argues the trial court erred in giving a limiting instruction to the jury on the use of other crimes evidence. Defendant agreed that the instruction given during trial immediately after Brockhouse's testimony about the first check cashed at the Eagle Store was proper. However, during the instruction conference, he objected to a limiting instruction proposed by the State. The court properly exercised its supervisory authority over the trial in giving this instruction. The jury had been told it would hear the instruction again and the instruction did not prejudice the defendant. *People v. Chrisos* (1986), 151 Ill. App. 3d 142, 502 N.E.2d 1158.

For the above reasons, we affirm defendant's convictions and sentences for burglary and forgery.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.