THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WALTER LEE JONES, Defendant-Appellant.

Fourth District   No. 4—87—0424

Opinion filed July 26, 1988.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

The defendant Walter Lee Jones was indicted on four counts of residential burglary and one count of burglary. (Ill. Rev. Stat. 1985, ch. 38, pars. 19—3, 19—1.) After pleading guilty to the included offense of burglary as to count I, the four remaining counts were dismissed and defendant was placed in the intensive probation supervision program for a term of 18 months. In addition, defendant was ordered to pay court costs of $166.54, to be taken out of the cash bond previously posted. These proceedings took place in the circuit court of Champaign County on November 6, 1986.

On April 21, 1987, a petition to revoke defendant's probation was filed alleging defendant had violated his curfew on seven different occasions between November 27, 1986, and April 20, 1987, in that he was not in his residence by 7 p.m. as required by the terms of his probation. At the probation revocation hearing held April 30, 1987, defendant stipulated to the revocation of probation for six curfew violations, and after a sentencing hearing held on June 3, 1987, defendant was sentenced to a term of imprisonment of 5½ years with a credit of 76 days for time previously served in jail. Whether the imposition of this sentence was an abuse of discretion by the trial court is the only issue raised on appeal.

■ After revoking the probation of a defendant, the trial court can sentence the defendant to any sentence which would have been appropriate for the underlying offense, but not for the activity which

constituted the probation violation. Nevertheless, the defendant's conduct on probation can be utilized by the trial court to assess the defendant's potential for rehabilitation. As a result, a sentence imposed after probation is revoked may differ from the sentence which could have been imposed had probation not been granted. *People v. Brogan* (1979), 76 Ill. App. 3d 957, 395 N.E.2d 408.

■ Further, the trial court is in a superior position to assess credibility, demeanor, moral character and the many other factors to be considered in determining the appropriate sentence. Therefore, a reviewing court will not overturn the sentence imposed by the trial court in the absence of an abuse of discretion on the part of the trial court. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

Burglary is a Class 2 felony and a sentence to imprisonment for a Class 2 felony shall be not less than three years nor more than seven years. (Ill. Rev. Stat. 1985, ch. 38, pars. 19—1, 1005—8—1(a)(5).) Defendant complains that the 5½-year sentence, being more than the three-year minimum, is excessive. Defendant claims he is still an acceptable candidate for intensive probation and that the sentence was imposed as a message to other potential violators of the intensive probation program.

■ After reviewing the record, we cannot agree with defendant's contentions. The portion of the record quoted by defendant to support his allegation the trial court intended to impart a message to other potential violators merely reflects the trial court's conclusion that defendant must have acted intentionally in violating the conditions of probation. Moreover, defendant's reliance on the testimony of Robert Schwieter, the supervisor of the intensive probation program for Champaign County, is misplaced and quoted out of context.

The essence of Schwieter's testimony is that, except for demonstrating an unwillingness to cooperate with the intensive probation unit, the defendant meets all acceptable criteria. This lack of willingness to cooperate was a very significant factor to the trial court. In fact, Schwieter's presentence report concludes that defendant is *not* a suitable candidate for intensive probation.

In requesting that defendant be again placed on intensive probation, defendant's counsel recognized that it was highly unusual for someone to be given a second chance at intensive probation. Additionally, the trial court specifically found that defendant's rehabilitative potential is considerably reduced given the intelligence of defendant and his apparently intentional, contumacious and wilful acts in violating probation. This finding of the court is supported by the presentence report, which stated:

"During the supervision period, 12 curfew violations were identified by IPS officers, Mr. Jones failed to report to the IPS office on four occasions, failed to maintain a residence with Champaign County, and was terminated from employment due to his failure to comply with attendance policies of the employer."

Although defendant denies the use of controlled substances, and stated he did not use marijuana since high school, a March 3, 1987, urine test provided positive results for cannabinoids in the then 22-year-old defendant's system. Defendant's disregard for compliance with the law is further demonstrated by his failure to comply in May of 1986 with regard to traffic citations for illegal transportation of alcohol and driving without headlamps, as a result of which his driver's license was suspended on October 27, 1986, and was not reinstated until March 23, 1987, after defendant had finally paid a $21 fine and $34 court costs for each traffic violation.

For all of these reasons, we find no abuse of discretion by the trial court in imposing a term of imprisonment of 5½ years on defendant. The judgment is affirmed.

Affirmed.

LUND and KNECHT, JJ., concur.