THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GERALD A. PETRO, Defendant-Appellant.

Fourth District No. 4—88—0351

Opinion filed March 2, 1989.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Larry R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

After a jury trial, defendant was convicted of deceptive practices over $150. (Ill. Rev. Stat. 1985, ch. 38, par. 17—1(B)(d).) Subsequently, the trial court sentenced him to 12 months' probation. Defendant argues he was not proved guilty beyond a reasonable doubt and the statute violates equal protection and due process.

We affirm.

Yvonne Singleton, a cashier at the Farm and Fleet Store in Decatur, testified that on November 4, 1987, she was operating a cash register at the store. She took money in payment for merchandise. She identified an exhibit as being a check for a payment from defendant. When she received the check, she gave it to her supervisor, who approved it. Singleton then entered the amount in the cash register and put the check in the cash register. She did not recall the circumstances of the particular transaction but remembered taking the

check.

Diane Scales, a cashier and supervisor at the store, stated she approved the check on November 4, 1987. The check was made out for the amount of $157.55 and payable to Farm and Fleet.

Pete Grosso, a vice-president at First National Bank of Decatur, testified that defendant's account was closed prior to November 1987.

Rick Jones, a detective with the City of Decatur police department, testified that he interviewed defendant. Defendant stated he wrote the check to purchase a chain saw. He knew the account was closed at the time he purchased the saw.

Defendant admitted at trial that he wrote the check but stated he intended to put money in his account to cover the amount. After Jones contacted him, defendant contacted Farm and Fleet and paid the check amount plus the service charge. Defendant further stated he first learned the check had not been honored when Jones contacted him.

■ Initially, defendant argues the State failed to prove an essential element of the *corpus delicti* of the offense by evidence independent of defendant's statements to Jones. Defendant contends no independent evidence shows he obtained something of value in exchange for the check. Proof of a criminal offense involves proof that a crime was committed and that defendant committed the offense charged. (*People v. Lambert* (1984), 104 Ill. 2d 375, 472 N.E.2d 427.) The *corpus delicti* of an offense may not be proved solely by an accused's confession. There must be either some independent evidence or corroborating evidence outside of the confession which tends to establish a crime occurred. *Lambert*, 104 Ill. 2d 375, 472 N.E.2d 427.

■ However, the *corpus delicti* is not required to be proved beyond a reasonable doubt exclusively by evidence independent of the confession. If the independent evidence tends to prove an offense occurred, then such evidence, if corroborative of the facts contained in the confession, may be considered with the confession to establish the *corpus delicti*. *People v. Willingham* (1982), 89 Ill. 2d 352, 432 N.E.2d 861; *People v. Call* (1988), 176 Ill. App. 3d 571, 575-76, 531 N.E.2d 451, 454.

■ ■ In a deceptive practice prosecution, the State must prove: (1) defendant made, drew, issued, or delivered a check or draft for payment; (2) defendant obtained money, property, or something of value for the check; (3) defendant knew his account was insufficient at the time he issued the check; and (4) defendant acted with the intent to defraud. (*People v. Bormet* (1986), 142 Ill. App. 3d 422, 491 N.E.2d 1281.) Singleton was acting as a cashier when she received defend-

ant's check. She stated she entered the amount of the check in the register as paid and deposited the check in her cash register drawer. As a cashier, she accepted payment for merchandise. This evidence along with the testimony of Scales and Grosso corroborates defendant's statement he received something of value for the check and a crime was committed.

Defendant next argues that section 17—1(B)(d) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 17—1(B)(d)) violates equal protection and due process guarantees. Defendant contends no rational distinction exists between deceptive practice by issuing a check (Ill. Rev. Stat. 1987, ch. 38, par. 17—1(B)(d)) and theft by deception (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(b)). Theft by deception is a misdemeanor if the value of the property taken is less than or equal to $300. (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(e)(1).) Deceptive practice is a Class 4 felony when the value of the property exceeds $150. (Ill. Rev. Stat. 1987, ch. 38, par. 17—1(B)(e).) Defendant argues the disparity in punishment violates equal protection concerns.

The legislature has wide discretion in classifying offenses and providing penalties for them. (*People v. Steppan* (1985), 105 Ill. 2d 310, 473 N.E.2d 1300.) This discretion is not, however, unlimited. The equal protection clause requires persons who are similarly situated be treated equally. It does not deny the State the power to treat different classes of persons differently. Absent a fundamental right or suspect classification, the legislature may treat similarly situated persons differently if rational reasons exist for doing so. (*People v. Watson* (1987), 118 Ill. 2d 62, 514 N.E.2d 167; *People v. Brooks* (1989), 179 Ill. App. 3d 767.) Those contesting the statute's validity have the burden of showing its invalidity. (*People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407.) An equal protection challenge to a classification will fail if a rational distinction between the classifications is possible. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344; *People v. James* (1986), 148 Ill. App. 3d 536, 499 N.E.2d 1036.) If different elements are required to prove the offenses, the equal protection argument must fail. *James*, 148 Ill. App. 3d 536, 499 N.E.2d 1036.

The theft statute is designed to protect property owners. Prosecutors must prove ownership of the goods in question. The theft need not be completed by use of a check or similar instrument. (*James*, 148 Ill. App. 3d 536, 499 N.E.2d 1036; Ill. Rev. Stat. 1987, ch. 38, par. 16—1.) In contrast, the deceptive practice statute is not tied to ownership of the property but addresses the use of bad checks in a transactional setting. The legislature could properly distinguish between those who use deception to take property from its owner and

those who use checks and other such instruments drawn on insufficient funds in transactional settings.

██ Defendant next argues the disparity in punishment between deceptive practice and theft by deception violates due process. The inquiry under the due process clause is whether the legislature has reasonably designed the statute to remedy evils which threaten the public health, safety, and welfare. (*People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029.) The legislature could reasonably conclude there was a greater economic detriment to the State and greater opportunity for deceptive practice than theft by deception. Therefore, the legislature did not act unreasonably in punishing deceptive practices exceeding $150 more severely than theft by deception of property valued over $150. See generally *James*, 148 Ill. App. 3d 536, 499 N.E.2d 1036.

For the above reasons, we affirm the trial court.

Affirmed.

LUND and GREEN, JJ., concur.