THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DANIEL E. MINOR, Defendant-Appellant.

Fourth District   No. 4—89—0675

Opinion filed May 1, 1990.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

John B. Huschen, State's Attorney, of Eureka (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On July 11, 1989, after a bench trial, defendant was convicted of driving while his driving privileges were suspended. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303.) He appeals, arguing the trial court erred in admitting a signed document from the Secretary of State (Secre-

tary) as evidence that defendant's driving privileges had been suspended.

We affirm.

The salient facts are taken from the common law record and a bystander's report. On October 24, 1988, Officer Price of the El Paso police department observed defendant and another individual driving vehicles on the wrong side of East Clay Street. Price followed the vehicles. Both turned into a mobile home park, where Price observed defendant exit one of the vehicles.

Defendant testified that he had not been driving that day and had just left his mobile home when Officer Price arrived.

The State introduced a document from the Secretary which certified defendant's driving privileges had been suspended on April 9, 1988. The Secretary further certified the 1988 suspension was in effect on October 24, 1988, that the certification had been made after a review of the driving records, and all statutorily required notices had been given to defendant prior to any action. The document was dated and signed by the Secretary. The State seal had been affixed to the document. Although the document stated copies of defendant's driving record abstract and other pertinent documents were attached, no such attachments were appended to the certification. The court admitted the certification over objection and stated it was *prima facie* evidence of the matters contained within it.

Defendant argues the document was inadmissible because it did not have attached to it a copy of the suspension order and an abstract of defendant's driving record. Second, defendant argues the certification was not admissible under the business-record exception to the hearsay rule because it was prepared for litigation.

In *People v. Manikas* (1969), 106 Ill. App. 2d 315, 246 N.E.2d 142, the court addressed the admissibility of the certificate from the Secretary. The court held the document was admissible as a business record because the Secretary was required to maintain such information and provide it upon request from governmental agencies. The *Manikas* court noted *Manikas* did not offer any evidence to rebut the information contained in the Secretary's certification. Thus, the evidence was sufficient to support a conviction. *Manikas*, 106 Ill. App. 2d at 322-23, 246 N.E.2d at 147.

Under the Illinois Vehicle Code (Code), the Secretary is required to retain records of revocation and suspension. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—117(b).) The Secretary is authorized to prepare certified copies of the driving records, which are admissible in court. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—108.) The Secretary may provide ab-

stracts of a driver's record to the courts. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—123(g).) Such an abstract is *prima facie* evidence of the facts stated therein. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—123(g)(5).) An abstract is a summary of the larger record. Webster's Ninth New Collegiate Dictionary 47 (1986); Black's Law Dictionary 9 (5th ed. 1986).

■ Here, the certification from the Secretary contained a brief summary of the salient portion of defendant's driving record, the date and fact of his suspension. We acknowledge this was not an abstract of the complete driving record; however, the statute does not state the abstract must be of the complete driving record. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—123(g).) Thus, the certification was admissible and was *prima facie* evidence of the facts stated within it. The trial court did not err in admitting the certification of defendant's suspension.

■ Defendant's argument that the document was not admissible under the business-records exception to the hearsay rule because it was prepared for litigation does not change this result. The prerequisite for admission of public records as an exception to the hearsay rule is that the record is made in the ordinary course of business and is authorized by statute, rule, or regulation, or required by the nature of the public office. (*People v. Williams* (1986), 143 Ill. App. 3d 658, 663, 493 N.E.2d 362, 366.) As a part of its ordinary business, the Secretary is required to prepare abstracts for the courts, public defenders, and other officials. Thus, the general exclusion of matters prepared for litigation would not apply.

Only two elements are necessary to establish the offense of driving while one's license is suspended: the fact of a suspension and the act of driving on the highways of the State. (See *People v. Younge* (1980), 83 Ill. App. 3d 305, 404 N.E.2d 415.) These elements were established in the instant case.

For the above reasons, we affirm the trial court.

Affirmed.

KNECHT, P.J., and SPITZ, J., concur.