THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BERNELL TURNER, JR., Defendant-Appellant.

Fourth District   No. 4—91—0834

Opinion filed August 27, 1992.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

After a jury trial, defendant was convicted of theft over $300, a Class 3 felony. (Ill. Rev. Stat. 1991, ch. 38, pars. 16—1(a), (b)(4).) On March 29, 1991, the court sentenced defendant to 24 months of probation and a 60-day term of periodic imprisonment. The State later filed a petition and supplemental petition to revoke probation. The court found proof of those violations, revoked defendant's probation, and on October 23, 1991, resentenced defendant to a term of five years of imprisonment. Defendant appeals, alleging the computer records submitted as evidence at his probation revocation hearing were inadmissible hearsay, and the trial court abused its discretion in sentencing him to the maximum term of five years of imprisonment. We affirm.

The petitions to revoke probation alleged defendant failed to report for periodic imprisonment and failed to report to the probation office. At the October 8 revocation hearing Brenda Manala, defendant's probation officer, testified that defendant never reported to her office following his placement on probation. She stated she was not familiar with defendant until the first probation revocation hearing on September 19, 1991. On cross-examination, Manala admitted that she carried 150 to 199 cases and that it was possible she would not have received a message left for her from a probationer. However, Manala also stated that defendant's file would indicate if he had ever appeared at the probation office.

Nancy Griffin, program coordinator for the Champaign County Correctional Center, testified to the computer records which showed defendant never reported for periodic imprisonment. Griffin explained her familiarity with the computer-generated "census history" of inmates kept at the county jail. She testified that an individual record is kept for each inmate which includes information when the inmate reports to the jail, leaves the jail, and appears in court while in custody. Griffin testified that the computer is an IBM and, to the best of her

knowledge, is the type ordinarily used to enter such records in that type of business. She stated it was her responsibility to maintain these records and generate them when requested. Griffin's records indicated there was an order of imprisonment with respect to defendant in this case. She said the computer printout showed defendant's census history up to September 12, 1991, and indicated defendant was not present at the Champaign County Correctional Center on April 2, 1991, the day he was to report for periodic imprisonment. She stated the printout does not show defendant's presence at the jail at any time after April 2 until he was eventually incarcerated on September 12, 1991. Griffin stated that about 60 people at the jail have access to the computer to enter census information. She testified that census records on each inmate are made within a reasonable amount of time as the occurrences happen throughout the day and night.

Upon further questioning by the trial judge, Griffin explained the procedure when an inmate is sentenced to serve periodic imprisonment and work release. Griffin testified that when an inmate reports to the jail, the booking officer checks to make sure there is an order of imprisonment regarding that specific person. Within a reasonable amount of time after security and pat searches are conducted, the booking officer enters the person into the computer. Griffin testified that this procedure is followed every time a person first reports for a sentence of periodic imprisonment. When a prisoner is then released for work or school, the jail maintains paperwork to record that fact and requires the inmate to keep a time card to be punched when leaving and reentering the correctional facility. Thus, after an inmate enters the jail the first time for periodic imprisonment his presence (except for court appearances) is monitored with time cards.

Defendant objected to the computer printout as inadmissible hearsay, arguing the record does not come within the business record exception since it was produced in a pending litigation at the request of the State. Defendant further argued the printout is not an official record since Griffin had no knowledge whether she was required to keep these records by statute. The trial judge found the printout admissible both as a business record and as an official record. The judge found there was a prescribed procedure to keep such records, which was followed in this case; that it is part of the jail's business to keep such records; and that the record before the court was kept in the regular course of jail business. The court stated that section 6 of the County Jail Act (Act) required the jail to keep such records. (Ill. Rev. Stat. 1989, ch. 75, par. 106.) The court found in favor of the State on both petitions and resentenced defendant to five years of imprisonment in

the Department of Corrections, the maximum allowable for a Class 3 felony. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(6).) In considering sentence, the judge noted that defendant did not miss just one or two appointments with his probation officer and Department of Corrections, but failed to report at all to either organization.

■ Defendant's first contention on appeal is that the computer printout on his census history at the jail was inadmissible hearsay since it was not a business record or an official record. Defendant objected to admission of the computer printout during the probation revocation hearing, but did not renew his objection in a post-trial motion. Defendant's failure to file a post-trial motion constitutes a waiver of this issue on appeal. "*Both* a trial objection *and* a written post-trial motion raising the issue are required for alleged errors that could have been raised during trial." (Emphasis in original.) (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130.) A post-trial motion is required in both jury and nonjury cases. (*Enoch*, 122 Ill. 2d at 187-88, 522 N.E.2d at 1130.) *Enoch*, a capital case, announced exceptions to the post-trial motion requirement, which would apparently apply as well in noncapital cases: (1) constitutional issues which could be raised later in a post-conviction hearing petition (Ill. Rev. Stat. 1989, ch. 38, par. 122—1); (2) sufficiency of the evidence; and (3) plain error. (*Enoch*, 122 Ill. 2d at 190, 522 N.E.2d at 1131-32.) None of those exceptions apply here. The argument could be made that the *Enoch* rule, which applies to trials, should not be applied to probation revocation proceedings. (See *People v. Szabo* (1986), 113 Ill. 2d 83, 93, 497 N.E.2d 995, 999 (failure to raise "trial errors" in a post-trial motion).) *Enoch* is written in broad terms, however, based on a policy of preventing needless appeals. (*Enoch*, 122 Ill. 2d at 186, 522 N.E.2d at 1130; *People v. Caballero* (1984), 102 Ill. 2d 23, 31, 464 N.E.2d 223, 227.) A probation revocation proceeding is a trial, albeit one where special rules apply. (See Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(c).) We believe the *Enoch* rule must logically be applied to probation revocation proceedings.

■ We further reject defendant's contention on the merits. The requirements for admitting public records as an exception to the hearsay rule are that the record is made in the ordinary course of business and is authorized by statute, rule, or regulation, or required by the nature of the public office. (*People v. Minor* (1990), 197 Ill. App. 3d 500, 502, 554 N.E.2d 767, 769; see 134 Ill. 2d R. 236(a).) Section 6 of the Act requires the following:

> "The warden of the jail shall keep an exact permanent calendar of all persons committed to jail, registering the name, place

of abode, time, cause and authority of their commitment, and the time and manner of their discharge." Ill. Rev. Stat. 1989, ch. 75, par. 106.

Defendant alleges the printouts in question do not satisfy the requirement that the record be "an exact permanent calendar" (Ill. Rev. Stat. 1989, ch. 75, par. 106) since they contain no information on an inmate's activities during periodic imprisonment. Griffin testified that the printout contains information as to the inmate's date and time of arrival at the jail, time of booking, the inmate's sentence, date and time of removal or release, method of release with regard to each arrest, date of court appearances while in custody, and records of each time an inmate is moved from one cell block to another. The trial court did not abuse its discretion in finding the printout to contain the information that the statute requires and thus qualify under the public records exception to the hearsay rule. See *People v. Hawthorne* (1978), 60 Ill. App. 3d 776, 779, 377 N.E.2d 335, 338.

Defendant alleges the printout is inadmissible as a business record since the State failed to lay a proper foundation for its admission into evidence. Supreme Court Rule 236(a) (134 Ill. 2d R. 236(a)) states in pertinent part:

> "Any writing or record, whether in the form of any entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of the act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but shall not affect its admissibility."

Section 115—5(a) of the Code of Criminal Procedure of 1963 (Code) contains a similar provision. Ill. Rev. Stat. 1989, ch. 38, par. 115—5(a).

The language of the Code and the rule apply equally to computer and noncomputer records. Any document admissible as a business record under Rule 236 must first be authenticated by a proper foundation. Computer printouts are admissible where it is shown that (1) the electronic computing equipment is recognized as standard; (2) the input is entered in the regular course of business reasonably close in time to the happening of the event recorded; and (3) the foundation testimony establishes that the sources of information, method and

time of preparation indicate its trustworthiness and justify its admission. *Grand Liquor Co. v. Department of Revenue* (1977), 67 Ill. 2d 195, 202, 367 N.E.2d 1238, 1242.

Defendant argues the second prong of the *Grand Liquor* test was not satisfied since no computer entries are made when an inmate leaves or reports back from periodic imprisonment, making the computer entries an incomplete and untimely record of an inmate's activities, absent the time cards. The business records exception to the hearsay rule is premised on the concept of routineness. "The credibility of any business record depends upon the regular, prompt and systematic nature of the entry and the fact that it is relied on in the operation of a business." (*People v. Mormon* (1981), 97 Ill. App. 3d 556, 564, 422 N.E.2d 1065, 1071.) Griffin testified that booking information is entered in the ordinary course of business for every inmate at or near the time each person is booked and placed in the prison system. Since defendant never reported for periodic imprisonment, his file contained no time cards from checking in and out of the facility. His printout was a complete record of his activities in the prison system—or in this case, the lack thereof—and all entries were made in the regular course of business by prison personnel. The jail relied upon these records for its routine day-to-day operation and the court correctly admitted the printout under the business record exception to the hearsay rule. (134 Ill. 2d R. 236(a).) We need not consider whether the computer printout would be admissible if there were a question about releases for work or school.

Defendant also contends the third prong in *Grand Liquor* is not satisfied since Griffin testified that over 60 people at the jail have access to the computer to enter census information. Defendant argues that the number of employees who enter this information, in addition to the fact that Griffin was not the recorder of the information, makes the data untrustworthy. It is not essential that the offering witness be the recorder of the item, since anyone who is familiar with the records sought to be admitted and who is acquainted with the business and procedures may testify as to the records. (*Barr v. Groll* (1991), 208 Ill. App. 3d 318, 324-25, 567 N.E.2d 13, 17; see also *United States v. Newman* (5th Cir. 1972), 468 F.2d 791, 795.) Supreme Court Rule 236(a) provides that the lack of personal knowledge of the witness is a matter which affects the weight and credibility to be given the business record, but does not affect its admissibility. (134 Ill. 2d R. 236(a); *People v. Lewis* (1977), 52 Ill. App. 3d 477, 484, 367 N.E.2d 710, 715; *Tie Systems, Inc. v. Telecom Midwest, Inc.* (1990), 203 Ill. App. 3d 142, 150, 560 N.E.2d 1080, 1086.) Griffin testified she

was quite familiar with the census printouts, the procedures used to produce them, and the information which they contained. The fact that 60 people had access to the computer only affected the weight and credibility given to the printout, which was found to be a reliable document used in the regular operation of the jail.

Defendant contends that section 6 of the Act only applies for a limited purpose and where there is a complete record. (*Hawthorne*, 60 Ill. App. 3d at 779, 377 N.E.2d at 338.) *Hawthorne* was concerned with the use of a jail record card as evidence of an inmate's address on a certain date. The court there ruled that defendant's jail card was admissible as a public record to prove that defendant told the jailer his address upon defendant's reception into the county jail, but not to prove the truth of that statement. (*Hawthorne*, 60 Ill. App. 3d at 779, 377 N.E.2d at 338.) Here, the computer printout is hearsay since the State has offered it to prove the truth of the matter asserted, that defendant failed to appear at the jail; however, the document is admissible under exceptions to the hearsay rule both as an official record and as a business record.

■ Defendant next alleges that the court's imposition of the maximum term of five years of imprisonment was an abuse of discretion and is inconsistent with the court's initial finding that, based upon the nature of the offense and character of the offender, a term of probation was an appropriate disposition. The State maintains that defendant has waived this issue on appeal by failing to file a motion to reduce sentence as required by section 5—8—1(c) of the Unified Code of Corrections (Corrections Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c)). We disagree.

As discussed above, *Enoch* requires two objections, one at trial and another in a post-trial motion, before trial errors in a criminal case may be raised on appeal. *Enoch* did not involve sentencing hearings or post-sentencing motions, but the Fifth District Appellate Court recently held that section 5—8—1(c) of the Corrections Code requires, before a defendant appeal only his sentence, that he first file a motion to reduce his sentence with the trial court within 30 days. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c); *People v. Macke* (1992), 224 Ill. App. 3d 815, 816, 587 N.E.2d 1113, 1114.) *Macke* argued such a requirement was similar to the *Enoch* requirement of a post-trial motion to preserve issues on appeal, and to requiring a defendant who pleads guilty to move to withdraw that plea before appealing (134 Ill. 2d R. 604(d)). Previous cases had held that post-sentencing motions were not necessary to preserve error as to sentencing issues. *People v. Hargis* (1983), 118 Ill. App. 3d 1064, 1083, 456 N.E.2d 250, 261;

*People v. Scott* (1989), 180 Ill. App. 3d 418, 424, 535 N.E.2d 1113, 1117.

We decline to follow *Macke*. Section 5—8—1(c) of the Corrections Code does not specifically require a motion to reduce sentence as a precondition to appeal, and we decline to adopt a view which would essentially engraft such a condition. Duplicative motions to reduce sentence will not promote judicial economy, but will prolong cases in the trial court, requiring additional effort by the parties and by the courts. When the alleged error involves something which occurred at the sentencing hearing, it is only necessary that the matter be somehow brought to the attention of the trial court, by a contemporaneous objection if possible. When the alleged error is the length of the sentence, no objection is necessary, either at the hearing or by way of a motion to reduce sentence, in order to preserve the issue for appeal. Of course, in guilty plea cases the filing of a motion to reconsider a sentence is a prerequisite to an appeal from that sentence. (145 Ill. 2d R. 604(d); *People v. Wallace* (1991), 143 Ill. 2d 59, 61, 570 N.E.2d 334, 335.) The excessive sentence issue was not waived in this case.

■ On the merits, the trial court did not abuse its discretion in resentencing defendant to five years of imprisonment given defendant's probation violations and lack of shown rehabilitative potential. The trial court is in the best position to assess credibility, demeanor, moral character, and other important factors in determining the appropriate sentence. (*People v. Jones* (1988), 172 Ill. App. 3d 1048, 1050, 527 N.E.2d 521, 523.) Although a reviewing court has the power and authority under Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)) to reduce a sentence imposed by the trial court, it will not overturn the sentence imposed by the trial court in the absence of an abuse of discretion. *Jones*, 172 Ill. App. 3d at 1050, 527 N.E.2d at 523.

After a trial court revokes a defendant's probation, defendant can be resentenced to any sentence which would have been appropriate for the underlying offense. (*Jones*, 172 Ill. App. 3d at 1049-50, 527 N.E.2d at 523.) Although the sentence imposed after revocation of probation may not constitute punishment for conduct which was the basis of revocation, the defendant's conduct on probation is to be considered by the trial court in assessing the defendant's potential for rehabilitation, and a sentence imposed after probation is revoked may differ from the sentence which could have been imposed had probation not been granted. (*Jones*, 172 Ill. App. 3d at 1050, 527 N.E.2d at 523; *People v. Bogan* (1989), 185 Ill. App. 3d 129, 135, 540 N.E.2d 1135, 1138.) Thus, a defendant whose conduct on probation reflects

poorly on his rehabilitative potential may be given a sentence more severe than the one which the court initially imposed. (*People v. Reznick* (1986), 141 Ill. App. 3d 593, 597-98, 491 N.E.2d 444, 446-47.) At defendant's resentencing hearing, the trial judge stated that he had never seen anyone so blatantly violate a sentence of probation as defendant had in this case. Defendant repeatedly failed to report either to his probation officer or to the correctional center and the trial judge found little indication that defendant would change his ways if again sentenced to probation.

Defendant argues that he did not engage in any criminal or violent behavior, and that the trial judge's severe sentence failed to consider the level of seriousness of his offense and failed to meet the objective of restoring the offender to useful citizenship. The Illinois Constitution requires that the trial court achieve a balance between the retributive and rehabilitative purposes of punishment. (Ill. Const. 1970, art. I, §11; *People v. Center* (1990), 198 Ill. App. 3d 1025, 1033, 556 N.E.2d 724, 729.) The record indicates that the judge considered factors both in aggravation and mitigation, the presentence report, and arguments of counsel at the sentencing hearing. Neither the State nor the defense offered new evidence in aggravation or mitigation. The court found as an aggravating factor that defendant had a criminal record that included battery, disorderly conduct, fighting in a public place, and receiving stolen property. The court also considered that defendant's offense did not cause anyone physical injury.

We affirm the trial court's finding that the computer printout was admissible hearsay and affirm the order resentencing defendant to five years of imprisonment.

Affirmed.

GREEN, P.J., and LUND, J., concur.