NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210340-U

NOS. 4-21-0340, 4-21-0432 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 23, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| BRENDON J. SEIDELMAN, | ) | Nos. 19CF1099 |
| Defendant-Appellant. | ) | 19CF1693 |
| | ) | |
| | ) | Honorable |
| | ) | Randall B. Rosenbaum, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held:*    (1) Defendant failed to establish the trial court relied on improper factors when sentencing defendant.

(2) The trial court did not abuse its discretion in resentencing defendant to concurrent prison terms of four years for burglary and three years for theft.

¶ 2    On May 3, 2021, the trial court resentenced defendant Brendon J. Seidelman to concurrent prison terms of four years for burglary in Champaign County case No. 19-CF-1099 and three years for theft in Champaign County case No. 19-CF-1693 after revoking his probation. Defendant appealed the court's judgment in both cases. On February 1, 2022, this court granted defendant's motion to consolidate his appeals. On appeal, defendant argues the trial court considered improper sentencing factors in aggravation, specifically defendant's conduct while on drug court probation and the deterrent effect of defendant's sentence on other

drug court probationers. Defendant also contends the sentences imposed by the trial court are excessive. We affirm.

¶ 3                                                  I. BACKGROUND

¶ 4                On April 6, 2020, defendant pled guilty to one count of theft of property having value exceeding $500, a Class 3 felony (720 ILCS 5/16-1(a)(1)(A) (West 2018)), as charged in case No. 19-CF-1693 and one count of burglary, a Class 2 felony (720 ILCS 5/19-1(a) (West 2018)), as charged in case No. 19-CF-1099. The charged offenses occurred in July 2019.

¶ 5                At the plea hearing, defendant indicated he had spoken to his attorney about drug court. The trial court indicated defendant was acceptable for the program. The court explained what the program entailed, including the differences between regular probation and drug court. Defendant was told he would come to court each week, be frequently drug tested, and be required to attend substance abuse treatment and other classes as deemed appropriate by the drug court team. Defendant's treatment would be his top priority while in the program. The court also explained what could happen if defendant broke the rules of the program, including the possible revocation of his probation. Finally, the court emphasized the importance of defendant being honest with the drug court team and not making excuses if he relapsed. Under the terms of the plea agreement, defendant was placed on 48 months' drug court probation in case No. 19-CF-1099 and 30 months' drug court probation in case No. 19-CF-1693.

¶ 6                The State provided the following factual bases for defendant's pleas. As to the burglary, defendant was charged with entering a building located at Country Fair Self Storage without authority with the intent to commit a theft. Video surveillance showed a male attempting to enter a pass code three times before gaining entry into the storage unit complex. Once inside, the person approached various storage units, cut the locks off the units, and stole

various items. The police determined the individual's vehicle belonged to defendant's father. Defendant's appearance was consistent with the suspect in the video, and defendant previously had been stopped in the vehicle. Defendant was later located driving the vehicle and admitted committing the burglary.

¶ 7 As for the theft, defendant was charged with knowingly exerting unauthorized control over tools and construction equipment which belonged to Broeren Russo Construction and had a value in excess of $500. The State indicated the evidence would show the property in question was taken from a large toolbox that had been pried open. Several of the tools were later located in a mechanic's shop in Mansfield, Illinois. A person at the shop indicated he purchased the items from defendant at a significantly reduced price. In November 2019, defendant was interviewed about the incident. He initially denied his involvement but ultimately admitted entering the construction site and taking some tools.

¶ 8 The trial court accepted defendant's guilty pleas and sentenced him to drug court probation as earlier noted.

¶ 9 On February 8, 2021, the State filed a petition to revoke defendant's probation because he had violated the rules of his probation, stating his urine samples submitted on February 1, 2021; July 30, 2020; July 29, 2020; and July 28, 2020, all returned positive for illegal drugs. In February 2021, defendant admitted the allegations in the petition and agreed to have the matter set for resentencing. In exchange for his plea, the State conditionally capped its sentencing recommendation at 5 years if defendant met certain conditions before the resentencing hearing, including not testing positive for illegal substances. At a review hearing on March 15, 2021, the trial court indicated defendant tested positive for fentanyl on March 8, 2021.

¶ 10        On May 3, 2021, the trial court held the resentencing hearing.  Defendant's father, Michael Seidelman, testified defendant was a hard worker and would help a person in need.  After the deaths of defendant's brother and mother, defendant changed for the worse.  However, defendant had improved since entering the drug court program.  Michael indicated he had prostate cancer and was having knee surgery later that month.  Defendant had been helping Michael with cleaning, cooking, and taking care of Michael's animals.  Michael said defendant's incarceration would have a negative impact on him.

¶ 11        Kayla Greer testified defendant was her boyfriend.  He helped support her and her two children financially and was a father figure to her sons.  Defendant also provided for his own daughter.  According to Greer, defendant's incarceration would impact her and her children.

¶ 12        Defendant testified on his own behalf.  While participating in the drug court program, defendant admitted he had not been honest with the drug court team, had relapsed and used drugs more than once, and engaged in other prohibited acts.  He indicated he was 34 years old and had used drugs recreationally since he was 16.  After his brother died from a drug overdose, he went to a "dark place" and was later devastated when his mother died after using drugs with defendant.  According to defendant, he had learned patience during the two months he was in jail, which was the longest period he had spent in custody.  Defendant indicated he had a hard time trusting or asking people for help.  However, he said he needed help and wanted help.  According to defendant, he only agreed to do drug court before to avoid prison and did not want to stop taking drugs.

¶ 13        After participating in drug court, he realized he could live a sober life and knew he would do better if given a second chance.  Regarding further drug treatment, defendant stated he was willing to do anything, including taking Vivitrol, which he and the drug court team had

discussed before he relapsed. Defendant also indicated he had given up a minimum prison sentence offer from the State so he could ask for another chance with drug court. According to defendant:

> "I want help. I don't—I don't want to go to prison and get [out] of prison and be back at square one. I know that what you guys do in drug court, it works. I've seen it work. I want to trust and believe in it. It's a privilege. I don't want the easy way out. I don't want to go to jail. I can—I mean, it's—you know, I can take the time, but, why, whenever I want help, I need help. I want to be—I want to have a better life. I've seen what the life is—I was sober for six months, and I know what it's like to be sober. And it's—that's what I want. And I want to make sure—I want to secure that. I don't want to go to prison and then come back and be in square one."

¶ 14	Defendant testified his daughter, who was 10 years old, was his best friend. He usually took care of her every weekend and two days per week when her mother was having medical treatments. The State did not cross-examine defendant.

¶ 15	The State asked the trial court to sentence defendant to five years in prison on the burglary conviction and four years in prison on the theft conviction. The State suggested defendant's testimony was not credible, defendant had been using drugs for some time before testing positive, and defendant never acknowledged his mistakes. According to the State, defendant was still not being honest about why he tested positive for fentanyl.

¶ 16	The State noted defendant had not been able to stay on the straight and narrow in the drug court program, had not successfully completed any group referral, and had failed to follow through on the core tenets of the program. Further, his rehabilitative potential was low

because he was not willing to accept his mistakes and be honest with the court and drug court team. If given probation again, the State said it was likely defendant would continue using drugs and committing other offenses. The State also indicated defendant had never successfully completed a term of probation despite numerous opportunities. Regarding his conviction for burglary, the State noted defendant engaged in "calculated and brazen criminal activity to support" his drug habit. The State argued any sentence other than prison would be inconsistent with the ends of justice and deprecate the seriousness of defendant's conduct. The State asked the court to consider the effect its sentence would have on others in the drug court program.

¶ 17        Defense counsel asked the trial court to give defendant another chance in drug court. In the alternative, counsel asked for the minimum sentences in both cases with a recommendation for drug treatment. Counsel conceded defendant was not honest with the drug court team or himself, believing he could do things his own way. According to counsel, defendant wanted to support his daughter and his daughter's mother and thought he could work and miss his classes. Counsel indicated defendant had been addicted to drugs half of his life and it would take time for him to learn to be sober. Counsel also stated defendant's father needed defendant's help.

¶ 18        In allocution, defendant apologized to the trial court for not being honest. He said he had been doing drugs for a long time and also had attention-deficit/hyperactivity disorder. He indicated he could have taken the prison time the State offered but would get out of prison and be back to square one regarding his addiction. Defendant said he was not going to give up on himself or his family.

¶ 19        The trial court indicated it had considered the factual bases for defendant's pleas, was aware of the petition to revoke and what it alleged, had reviewed the presentence

investigation report prepared by court services, and had considered all the relevant statutory factors. These factors included the nature and circumstances of the offenses; evidence in mitigation and aggravation; defendant's character, history, and rehabilitative potential; arguments made by counsel; and defendant's statement. The court noted defendant pled guilty to the offenses, stipulated to the petitions to revoke his probation, and had taken responsibility for his actions. The court also considered defendant's relationships with his daughter, his father, his girlfriend, and his girlfriend's children.

¶ 20    In addition, the trial court noted it needed to deter not only defendant from committing new offenses but also the other people in the drug court program, considering they all appeared in court together and were aware what was happening with other individuals in the program. Noting these individuals were similarly situated, the court stated they needed to be deterred from violating the terms of probation or committing new offenses. The court also indicated defendant had 5 prior felony convictions and approximately 13 prior misdemeanor convictions—ranging from traffic offenses to thefts and drug offenses—but had never been in custody more than two months and had never been to prison.

¶ 21    The trial court specifically stated defendant was not being resentenced for his conduct while on probation. Instead, he was being resentenced for the underlying offenses of burglary and theft, stating it remembered the factual bases for those convictions. Further, the court stated it was in a better position to know defendant's rehabilitative potential because of his actions on probation.

¶ 22    According to the trial court, even after the deaths of his brother and mother, defendant continued to use drugs and commit crimes. Further, his performance in the drug court program had not been good. He was at work during a Tele-Health outpatient group treatment

- 7 -

session, failed urine drops, made excuses why he could not give a urine sample after he was suspected of adulterating a urine drop, made excuses why he could not attend drug court, and blamed other people when he relapsed. He also tested positive for drugs multiple times and lied to the drug court.

¶ 23　　　　The trial court indicated drug court is a valuable resource for people willing to participate. According to the court, although the petition to revoke was narrow in scope, defendant had a long history of violations. Defendant admitted he had multiple relapses, had not been honest with the court or the drug court team, and now claimed he wanted help. The court recognized defendant had admitted his violations and had a child and other individuals who needed his help. However, the court also recognized defendant had a long criminal history. According to the court, both defendant and other individuals similarly situated needed to be deterred. The court indicated defendant had lied, made excuses, and blamed other people during this case. Although defendant stated he was ready to do his best now, the court noted it had little faith in his rehabilitative potential.

¶ 24　　　　Although the trial court did not find it necessary to send defendant to prison to protect the public, the court noted a further community-based sentence would deprecate the seriousness of his conduct and be inconsistent with the ends of justice. The court indicated it believed a period of incarceration was necessary, the State's recommendation was slightly excessive, and a minimum sentence was inappropriate. The court then resentenced defendant to concurrent prison terms of four years for burglary and three years for theft. The court gave defendant credit for 84 days served.

¶ 25　　　　On May 28, 2021, defendant filed a motion to reconsider his sentence, arguing his sentence was excessive, a lesser sentence would not have deprecated the seriousness of the

offense or be inconsistent with the ends of justice, and the trial court put too much weight on deterrence and too little weight on statutory and non-statutory mitigating factors. The trial court denied defendant's motion to reconsider.

¶ 26    These appeals followed.

¶ 27                    II. ANALYSIS

¶ 28    Defendant's appeal is focused on the sentence he received after his probation was revoked. The trial court possesses wide latitude in both determining and weighing factors in mitigation and aggravation when imposing a sentence, and the reviewing court gives the trial court's ruling great weight and deference. *People v. Solis*, 2019 IL App (4th) 170084, ¶ 23, 138 N.E.3d 247. While the legislature prescribes possible sentences, a trial judge is given great discretion to determine an appropriate sentence within the limits set by the legislature. *People v. Fern*, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999). According to our supreme court:

> "The trial court must base its sentencing determination on the particular circumstances of each case, considering such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. [Citations.] A reviewing court gives great deference to the trial court's judgment regarding sentencing because the trial judge, having observed the defendant and the proceedings, has a far better opportunity to consider these factors than the reviewing court, which must rely on the 'cold' record." *Fern*, 189 Ill. 2d at 53, 723 N.E.2d at 209.

When considering the propriety of a sentence, the reviewing court must proceed with great caution and must not substitute its judgment for the trial court's merely because it would have weighed the factors differently. *Fern*, 189 Ill. 2d at 53, 723 N.E.2d at 209.

- 9 -

¶ 29                                    A. Sentencing Factors

¶ 30          Defendant first argues the trial court relied on two improper sentencing factors

when it resentenced him—his conduct on probation and the deterrent effect of defendant's

sentence on other individuals in the drug court program.  Whether the trial court relied on an

improper factor presents a question of law.  *Solis*, 2019 IL App (4th) 170084, ¶ 26.  "The

defendant bears the burden of affirmatively establishing his or her sentence was based on

improper considerations."  *Solis*, 2019 IL App (4th) 170084, ¶ 26.

¶ 31          Defendant acknowledges he failed to raise either of these issues in his motion to

reconsider sentence.  However, he asks this court to review the issues pursuant to the plain error

doctrine.  "Sentencing errors raised for the first time on appeal are reviewable as plain error if

(1) the evidence at the sentencing hearing was so closely balanced that the error alone threatened

to tip the scales of justice against the defendant or (2) the error was sufficiently grave that it

deprived the defendant of a fair sentencing hearing."  *Solis*, 2019 IL App (4th) 170084, ¶ 29.

The defendant bears the burden of persuasion under both prongs.  *Solis*, 2019 IL App (4th)

170084, ¶ 29.  We first consider whether a clear or obvious error occurred.  *People v. Sebby*,

2017 IL 119445, ¶ 49, 89 N.E.3d 675.

¶ 32          Initially, defendant argues the trial court improperly punished him for his conduct

while on probation.  While a court may not punish a defendant for his conduct on probation, the

court may consider a defendant's conduct on probation in assessing the defendant's rehabilitative

potential, which it can consider during resentencing.  *People v. Turner*, 233 Ill. App. 3d 449,

456, 599 N.E.2d 104, 110 (1992).  We note a defendant initially given probation can be

resentenced to a term of imprisonment.  *Turner*, 233 Ill. App. 3d at 456-57, 599 N.E.2d at 110.

In *People v. Young*, 138 Ill. App. 3d 130, 142, 485 N.E.2d 443, 450 (1985), this court stated:

"We conclude, and now state explicitly upon review of such questions, that a sentence within the statutory range for the original offense will not be set aside on review *unless* the reviewing court is strongly persuaded that the sentence imposed after revocation of probation was *in fact* imposed as a penalty for the conduct which was the basis of revocation, and *not* for the original offense." (Emphases in original.)

In this case, the record does not affirmatively establish nor are we persuaded the sentence imposed on defendant was a penalty for his conduct on probation. The court specifically indicated it was sentencing defendant for the underlying offenses, not for his conduct on probation. Defendant has failed to establish the trial court was considering defendant's conduct for any purpose other than assessing his rehabilitative potential.

¶ 33    We next turn to defendant's argument regarding the trial court's consideration of deterrence. According to defendant's brief, the trial court also improperly "increased [defendant's] sentence, beyond the mandatory minimum, to 'deter' other probationers from failing in drug court, as recommended by the State." Defendant continues his argument, stating: "[W]hile deterring others from committing '*the same crime*' is a statutory factor in aggravation to be considered at sentencing, deterring *other probationers from failing in drug court* is not. See 730 ILCS 5/5-5-3.2(a)(7) [(West 2018))]." (Emphasis in defendant's brief.)

¶ 34    However, a trial court is allowed to consider nonstatutory aggravating factors when sentencing a defendant. *People v. Scott*, 363 Ill. App. 3d 884, 892, 844 N.E.2d 429, 436 (2006). Defendant does not specifically address why the court erred in considering how defendant's sentence could deter other probationers in the drug court program from engaging in illegal acts or violating the program's rules as a non-statutory factor.

¶ 35 Defendant does argue addiction is not a choice that can be deterred by the threat of future incarceration. However, as the State points out in its brief, defendant's argument goes against the purpose for enacting the Drug Court Treatment Act (730 ILCS 166/1 to 50 (West 2018)), which is to "reduce the incidence of drug use, drug addiction, and crimes committed as a result of drug use and drug addiction" (730 ILCS 166/5 (West 2018)). We agree. Individuals addicted to drugs who enter and successfully complete the Drug Court Treatment program demonstrate how the program deters addictive and criminal behavior. Therefore, defendant has failed to meet his burden of establishing the trial court made a clear or obvious error by considering the deterrent effect the sentence it imposed on defendant would have on other probationers in drug court.

¶ 36 Even assuming, *arguendo*, defendant established the trial court made a clear or obvious error by considering the deterrent effect of defendant's sentence, defendant would not be automatically entitled for his case to be remanded for a new sentencing hearing (*Solis*, 2019 IL App (4th) 170084, ¶ 32). As our supreme court has held, a sentencing court's reliance on an improper sentencing factor in aggravation does not always require a reviewing court to remand the case for resentencing. *People v. Gilliam*, 172 Ill. 2d 484, 521, 670 N.E.2d 606, 623 (1996). The case only needs to be remanded for resentencing if the reviewing court is unable to determine the weight given to an improperly considered factor. *Gilliam*, 172 Ill. 2d at 521, 670 N.E.2d at 623. The trial court's consideration of deterrence was insignificant in this case and would not amount to second-prong plain error. The court's primary focus in resentencing defendant was on his criminal history and his rehabilitative potential.

¶ 37 Defendant also argues his trial counsel was ineffective for failing to object to the trial court's consideration of his conduct while on probation and the deterrent effect of

defendant's sentence on other probationers in the drug court program. To establish ineffective assistance of counsel, a defendant must establish his counsel's representation was deficient and the deficient performance prejudiced the defendant. *People v. Thomas*, 2017 IL App (4th) 150815, ¶ 10, 93 N.E.3d 664. Because defendant has not established the trial court erred by considering either of these factors, defendant cannot establish his attorney's representation was deficient for failing to raise these issues in his motion to reconsider sentence.

¶ 38                              B. Excessive Sentence

¶ 39          Defendant next argues the trial court abused its discretion by imposing an excessive sentence. The court sentenced defendant to concurrent terms of four years for burglary and three years for theft. Both sentences exceeded the minimum by only one year. Defendant's sentence for burglary was three years less than the statutory maximum (730 ILCS 5/5-4.5-35 (West 2018)), and his sentence for theft was two years less than the statutory maximum (730 ILCS 5/5-4.5-40 (West 2018)). The State requested a five-year sentence for the burglary conviction and four years for the theft conviction. The court stated it thought the State's recommendations were slightly excessive but thought the minimum sentence was inappropriate based on the totality of the circumstances in this case.

¶ 40          Because defendant failed to establish the trial court erred by considering any improper sentencing factor, his only argument is the trial court failed to properly balance the mitigating and aggravating factors. As stated earlier, we will not disturb a trial court's sentencing judgment unless the court abused its discretion. *People v. Alexander*, 239 Ill. 2d 205, 212-13, 940 N.E.2d 1062, 1065-66 (2010). A reviewing court gives great deference to the trial court's sentencing decision because the sentencing court was able to observe the defendant and the proceedings. *Alexander*, 239 Ill. 2d at 212-213, 940 N.E.2d at 1066. We will not disturb a

defendant's sentence simply because we may have weighed the sentencing factors differently in a case. *Alexander*, 239 Ill. 2d at 213, 940 N.E.2d at 1066. "A sentence within the statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." *Fern*, 189 Ill. 2d at 54, 723 N.E.2d at 210.

¶ 41    The trial court acknowledged the factors in mitigation in this case and also recognized defendant's criminal history and his failure to show rehabilitative potential. Defendant was not a first-time offender. He had a history of criminal activity, and the leniency he had been given by courts in the past had not deterred his criminal behavior. While the court made clear it was not sentencing defendant for his conduct on probation, the court was justified in considering his behavior on probation with regard to his rehabilitative potential. Because the trial court's sentencing decision was not greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offenses, we do not find the trial court abused its discretion with regard to the sentences it imposed. *Fern*, 189 Ill. 2d at 54, 723 N.E.2d at 210.

¶ 42                            III. CONCLUSION

¶ 43    For the reasons stated, we affirm the trial court's judgment.

¶ 44    Affirmed.