NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (4th) 220401-U

NO. 4-22-0401

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 12, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| ALEJANDRO DELREAL, | ) | No. 17CF3108 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert R. Wilt, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice DeArmond and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant forfeited his contention the circuit court's resentence was a punishment for his actions on probation.

¶ 2    In December 2017, a grand jury indicted defendant, Alejandro Delreal, with one count of aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2016)). At a November 2018 hearing, defendant pleaded guilty to the charge pursuant to a negotiated plea agreement, and the Winnebago County circuit court sentenced him to 30 months' probation to begin upon his release from the Department of Corrections (DOC). In February 2021, the State filed a petition to revoke defendant's probation based on a new criminal charge against defendant and other violations of probation terms. In June 2021, the State filed an amended petition to revoke probation, alleging 15 probation violations. At a September 2021 hearing, defendant admitted committing one of the alleged probation violations. After a January 2022 hearing, the court

resentenced defendant to three years' imprisonment.  Defendant filed a motion for reconsideration of his sentence, which the court denied in May 2022.

¶ 3　　　　Defendant appeals, contending the circuit court abused its discretion when it sentenced defendant for the probation violation instead of the offense for which he was convicted.  We affirm.

¶ 4　　　　　　　　　　　　　I. BACKGROUND

¶ 5　　　　Defendant and the State entered into a negotiated plea agreement, under which defendant would plead guilty to the aggravated domestic battery charge in this case and receive a sentence of 30 months' probation, as well as other fines, fees, and conditions.  The plea agreement also involved charges in other cases that are not part of this appeal.  The probation period was to begin upon his release from DOC on sentences in the other cases.

¶ 6　　　　On November 5, 2018, the circuit court held a plea hearing.  The court admonished defendant and heard the following factual basis for the plea.  On October 28, 2017, a police officer met with Maria Hernandez at the Swedish American Hospital in reference to a domestic battery complaint.  The officer observed Hernandez's face was swollen and she had red marks around her nose and mouth.  Hernandez stated her head and neck were sore and it hurt for her to speak.  She told the officer she had been married to defendant for 10 years but had filed for divorce a couple of months earlier.  When Hernandez arrived home, she found defendant there, and he was extremely intoxicated.  A verbal argument ensued, and Hernandez asked defendant to leave.  Hernandez stated defendant made a movement like he was going to punch her but only went halfway, as if to scare her.  Defendant then punched Hernandez in the face, causing her to fall off of the bed on which she had been lying with her baby.  Hernandez further explained she landed on her back, and defendant quickly got on top of her and straddled her.

While defendant straddled Hernandez, he punched her in the face multiple times. Hernandez said defendant eventually stood up and left. As a result of the attack, Hernandez suffered a broken eardrum. The court accepted defendant's plea and sentenced him to 30 months' probation.

¶ 7   In February 2021, the State filed a petition to revoke defendant's probation, alleging five probation violations. In June 2021, the State filed an amended petition to revoke defendant's probation, asserting 15 probation violations. Paragraph 11 of the amended petition asserted defendant failed to cooperate with and successfully complete anger-management counseling, as requested since November 5, 2018. At a September 1, 2021, hearing, defendant admitted the allegation in paragraph 11 of the amended petition to revoke his probation. The factual basis for the admission was defendant was ordered to successfully complete anger-management counseling as part of his probation, and defendant's probation officer would testify defendant did not successfully complete the anger-management counseling as directed.

¶ 8   On January 12, 2022, the circuit court held defendant's resentencing hearing. The State presented the October 2021 presentence investigation report and defendant's January 2022 probation report. Defendant testified he was currently employed at Slidematic through an employment agency. He also made a statement in allocution. Defendant stated he was not the same person he was a year ago. He had overcome mental-health issues and addiction. Defendant noted he had maintained his employment and was close to getting hired by the factory. Defendant further testified he was trying to be a better person and father. The State requested defendant be sentenced to DOC. The State cited numerous reasons for such a sentence, including the fact defendant had missed a probation appointment after the circuit court had told him at the last court date he needed to perfectly comply with probation conditions.

Defense counsel requested defendant be sentenced to another term of probation. The court first addressed the State's arguments about defendant's recent noncompliance with probation. It then weighed the factors in mitigation and aggravation, which included discussing defendant's conduct while on probation. The court then reviewed the facts of the aggravated domestic battery. The court made one additional comment about defendant's recent actions and sentenced defendant to a prison term of three years.

¶ 9        Defendant filed a timely motion to reconsider his resentence, asserting his three-year prison sentence was excessive in light of the nature and circumstances of the offense and his history and character. He also argued the circuit court's resentence failed to take into consideration his rehabilitative potential and the statutory factors in mitigation. After a May 12, 2022, hearing, the court denied defendant's motion to reconsider his sentence.

¶ 10        That same day, defendant filed a timely notice of appeal, but it did not accurately describe the appealed judgment. On May 18, 2022, defendant filed a timely amended notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Mar. 12, 2021), which listed defendant's probation revocation, resentence, and denial of his motion to reconsider the resentence. See Ill. S. Ct. R. 303(b)(5) (eff. July 1, 2017); R. 606(d) (eff. Mar. 12, 2021). Accordingly, this court has jurisdiction of defendant's appeal under Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013).

¶ 11                                II. ANALYSIS

¶ 12        Defendant asserts the circuit court abused its discretion in sentencing him because the court's resentence was based on his actions while on probation and not for the original offense. Defendant recognizes he did not raise this issue in the circuit court and asserts we should review the claim under the plain-error doctrine (Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967)).

- 4 -

¶ 13    The plain-error doctrine permits a reviewing court to consider unpreserved error under the following two scenarios:

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1058 (2010).

We begin a plain-error analysis by first determining whether any error occurred at all. *Sargent*, 239 Ill. 2d at 189, 940 N.E.2d at 1059. If error did occur, this court then considers whether either of the two prongs of the plain-error doctrine has been satisfied. *Sargent*, 239 Ill. 2d at 189-90, 940 N.E.2d at 1059. "Under both prongs of the plain-error doctrine, the defendant has the burden of persuasion." *People v. Hillier*, 237 Ill. 2d 539, 545, 931 N.E.2d 1184, 1187 (2010). If the defendant fails to meet his or her burden of persuasion, the reviewing court applies the procedural default. *Hillier*, 237 Ill. 2d at 545, 931 N.E.2d at 1188.

¶ 14    After revoking a defendant's probation, the circuit court may resentence a defendant to any sentence that would have been appropriate for the original offense. *People v. Young*, 138 Ill. App. 3d 130, 134-35, 485 N.E.2d 443, 445 (1985); 730 ILCS 5/5-6-4(e) (West 2016). The court may consider the defendant's conduct while on probation in reassessing rehabilitative potential. *Young*, 138 Ill. App. 3d at 135, 485 N.E.2d at 445. As such, the court may impose a more severe sentence than the one initially imposed if the defendant's conduct on probation reflected poorly on his or her rehabilitative potential. *People v. Turner*, 233 Ill. App.

3d 449, 456-57, 599 N.E.2d 104, 110 (1992). However, the sentence imposed must not be punishment for the probation violation. *Young*, 138 Ill. App. 3d at 135, 485 N.E.2d at 445. This court will not find a sentence within the statutory range for the offense was an abuse of the sentencing court's discretion unless we are "strongly persuaded" the circuit court intended to penalize the defendant for violating his or her probation. *Young*, 138 Ill. App. 3d at 142, 485 N.E.2d at 450.

¶ 15　　　　Aggravated domestic battery is a Class 2 felony with a sentencing range of three to seven years in prison. 720 ILCS 5/12-3.3(b) (West 2016); 730 ILCS 5/5-4.5-35(a) (West Supp. 2017). Thus, defendant's three-year sentence was well within the sentencing range and was the minimum possible prison term.

¶ 16　　　　In support of his argument, defendant cites *People v. Varghese*, 391 Ill. App. 3d 866, 877, 909 N.E.2d 939, 949 (2009), where the reviewing court was convinced the trial court punished the defendant for his conduct while on probation and held the trial court abused its discretion in resentencing the defendant. There, on resentence, the trial court had resentenced the defendant to the maximum term of seven years' imprisonment, and evidence had been presented defendant had attempted to meet up with a 16-year-old girl while he was on sex-offender probation. *Varghese*, 391 Ill. App. 3d at 869, 875, 909 N.E.2d at 942, 947. In explaining its decision to reverse the trial court's resentence, the reviewing court stated the following:

> "Here, the remarks of the trial court in their totality clearly indicate that it never expressly considered defendant's original offense when fashioning his sentence. Rather, the trial court's concluding comments, by focusing on defendant's conduct while on probation, demonstrate that it improperly commingled

- 6 -

uncharged conduct with his original offense. Immediately prior to imposing sentence, the trial court chastised defendant for the reprehensible nature of his conduct while on probation. It stated in summation: 'This conduct is intolerable. This conduct is dangerous.' Read in context, the phrase 'this conduct' clearly referred to defendant's conduct while on probation. That the trial court's final sentencing determination immediately followed this statement and a lengthy discussion about the certainty of the uncharged conduct strongly indicates that defendant was sentenced for such particular 'dangerous' and 'intolerable' uncharged conduct. If this conduct constitutes another offense, defendant should be tried, convicted, and sentenced 'under orderly criminal processes.' [Citation.] With only a passing reference to defendant's original offense, it is apparent that the trial court improperly commingled defendant's conduct while on probation with his original offense." *Varghese*, 391 Ill. App. 3d at 877, 909 N.E.2d at 949.

¶ 17    Defendant argues that, here, the circuit court similarly focused its comments on defendant's behavior while on probation. We disagree.

¶ 18    First, the circuit court's initial comments about defendant's most recent noncompliance with probation were in response to the State's argument. After the initial comments, the court then considered the statutory factors in mitigation (730 ILCS 5/5-5-3.1 (West 2016)) and aggravation (730 ILCS 5/5-5-3.2 (West 2016)). With some of the factors, the court did consider defendant's behavior on probation, both positive and negative. The court also noted defendant's long list of noncompliance with court orders, starting in 2010. While defendant's probation conduct was mentioned during the court's discussion of the aggravating and mitigating factors, it was certainly not the overall focus of the circuit court's comments. The

court then went through defendant's conduct that was the basis for the aggravated domestic battery conviction. Defendant's conduct was egregious in that he punched his then wife numerous times with their baby nearby. That conduct could clearly warrant a three-year prison term.

¶ 19 Last, before imposing the three-year sentence, the court did state the following: "You know, I continued this sentencing from November 9th with the agreement of the parties because he had a diluted drop but otherwise he was doing relatively well, and now we have another problem." However, the court's statement does not reflect an impassioned reaction to defendant's conduct while on probation like the court in *Varghese*, where the court referred to defendant's conduct on probation as " 'intolerable' " and " 'dangerous.' " *Varghese*, 391 Ill. App. 3d at 877, 909 N.E.2d at 949. Moreover, the court's final statement was brief in comparison to the preceding discussion of the facts underlying the original offense. It also was an explanation of why defendant was not receiving the probation sentence he had requested. Reading the remarks of the circuit court at sentencing in context and in their entirety, including arguments of counsel (*Young*, 138 Ill. App. 3d at 142, 485 N.E.2d at 450), we are not strongly persuaded the circuit court's sentence was punishment for defendant's probation violation. The court's comments were clearly referring to the determination of whether defendant would comply with the terms of another period of probation.

¶ 20 Since we have found no error, we do not address defendant's plain-error argument and apply the forfeiture doctrine.

¶ 21                                III. CONCLUSION

¶ 22 For the reasons stated, we affirm the Winnebago County circuit court's judgment.

¶ 23 Affirmed.